IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ARI BEN SWARTZ**,

       Plaintiff,

 vs.                                        **CIVIL NO. 07-511 RB/CEG**

**NATIONAL AERONAUTICS AND SPACE
ADMINISTRATION (NASA), DAVID T. LOYD,
AMY MENDEZ, MICHAEL COATS, NATALIE SAIZ,
YOLANDA Y. MARSHALL**,

       Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING CASE**

**THIS MATTER** comes before the Court on the collective Defendants' Motion to Dismiss filed September 13, 2007 (Doc. 28); on Plaintiff Ari Ben Swartz's Motion to Amend, filed October 3, 2007 (improperly filed as part of Doc. 36); on Swartz's Motion to file a Surreply, filed October 30, 2007 (Doc. 43); and on Swartz's Second Motion to Amend, filed October 30, 2007 (Doc. 44). Defendants seek dismissal of the action for lack of jurisdiction under FED. R. CIV. P. 12(b)(1), and/or for failure to state a claim under FED. R. CIV. P. 12(b)(6) on the basis that Plaintiff's claims for damages and equitable relief are precluded by the exclusive remedies provided in the Civil Service Reform Act of 1978, Pub.L. 98-454 ("CSRA") (codified as amended in scattered sections of 5 U.S.C.). The Court concludes that the complaint must be dismissed and that Swartz should not be allowed to amend his complaint. The Court also concludes that, because Swartz's motion to file a surreply relates only to issues that are irrelevant to the reasons why his complaint must be dismissed, the motion should be denied.

**I.     Standards**.

A motion to dismiss should be granted

> if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)).  As we have explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (emphasis in original).

There are two bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331.  "Absent diversity of citizenship, federal-question jurisdiction is required.  The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted). Specifically, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

Further, "[w]hile 28 U.S.C. § 1331 grants the court jurisdiction over all 'civil actions arising under the Constitution, laws or treaties of the United States,' it does not independently waive the Government's sovereign immunity; § 1331 will only confer subject matter jurisdiction where some other statute provides such a waiver." *High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006), *cert. denied*, --- U.S. ----, 127 S. Ct. 2134, 167 L. Ed. 2d 883 (2007).

Because Swartz proceeds pro se, the Court liberally construes his complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

> [T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Id.* (citations omitted).

> Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend a party's complaint 'shall be freely given when justice so requires.' Our case law establishes a limitation to this principle: the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1219 (10th Cir. 2006).

**II.  The Complaint**.

Swartz invoked the Court's federal-question jurisdiction by citing several statutes that codify the CSRA. *See* Compl. (Doc. 1) at 2. He asserts that the Defendants did not advertise a vacant position at NASA appropriately by intentionally misrepresenting the job duties and work availability of a Pressure Systems Manager vacancy at NASA, which violated § 2302(a)(2)(A)(xi) and NASA requirements. *See id.* at 3. He further asserts that the Defendants improperly removed his application for that job, thereby violating § 2302(b)(12) and NASA procedures. *See id.* He contends that the Defendants manipulated the hiring process for the vacant position in order to hire an

3

unqualified, pre-selected applicant, thus violating prohibitions against pre-selection and favoritism found in § 2306(b)(6).  *Id.* at 3-4, 10.  Although the complaint does not specifically state the administrative processes he exhausted, Swartz states that he "contacted NASA Human Resources . . . then . . . the NASA Inspector General Office . . . [and] then contacted the Office of Special Counsel.  No relief was obtained."  *Id.* at 10.  Swartz seeks money damages for lost salary and benefits for the job he was not selected for until he draws social security  -- or a lump-sum payment of twelve million dollars, as well as injunctive relief requiring NASA to "enforce fair and competitive hiring practices" by appropriately creating job announcements to match specific job requirements; preventing pre-selection of candidates; and reviewing recent NASA hirings to verify that personnel meet the job requirements.  *See id.* at 10-11.

## III.   Analysis.

### 1.   Motion to Dismiss.

The Defendants contend that the Court must dismiss Swartz's suit because the United States has not waived its sovereign immunity against suit in federal court under the CSRA on the facts alleged in Swartz's complaint and the Court, therefore, lacks subject-matter jurisdiction over Swartz's claims.  In the alternative, they argue that, because the CSRA is a system of "'comprehensive procedural and substantive provisions'" that gives applicants for federal employment meaningful remedies against the United States, " the CSRA provides the exclusive remedy for Swartz's claims.  Doc. 28 at 4-7 (quoting *Bush v. Lucas*, 462 U.S. 367, 368 (1983), and citing many cases in support of preemption).

Swartz attached several documents to his response[1] showing that he filed a formal complaint

---

[1] The Court may consider these documents when determining its jurisdiction or resolving disputed jurisdictional facts.  *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995).  Under

with the Office of Special Counsel ("OSC") against the Defendants regarding the alleged improper recruitment and hiring practices and that the OSC concluded that the CSRA had not been violated and terminated his case. *See* Doc. 36, Exs. 2, 3. He attached a third document from the OSC's Disclosure Unit stating that it did not have jurisdiction to investigate Swartz's disclosures regarding alleged abuse of authority by NASA management because he was not a federal employee. *See id.*, Ex. 5 (citing 5 U.S.C. § 1213(a)(1)). Swartz interprets these documents to mean that the OSC "admitted" that the CSRA did not apply to any of his complaints and that the OSC had no jurisdiction over them. *See* Doc. 36 at 1. He further contends that the "CSRA does not address or addresses only ineffectively the activities that form the basis of the complaint" and contends that he has stated a *Bivens*[2] damage claim for violation of his constitutional rights over which this Court has jurisdiction. *See id.* at 1, 4-7. The Court disagrees.

Reading Swartz's original complaint liberally, he has not alleged facts to show a violation of any constitutional rights that could give rise to a *Bivens* claim[3]. But even if he had, *Bivens* claims associated with alleged violations of the CSRA are not cognizable. The Tenth Circuit interprets Supreme Court cases holding that the CSRA is the exclusive remedy for federal employees complaining about unlawful personnel actions to also mean that, in cases like the one at bar where

---

the circumstances in this case, reference to these documents outside the pleadings does not convert the motion to dismiss into a motion for summary judgment. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

[2] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), "permits an action for damages against a federal agent who, 'acting under color of his authority', engages in unconstitutional conduct." *Hill v. Dep't of Air Force*, 884 F.2d 1318, 1320 (10th Cir. 1989) (per curiam).

[3] The CSRA specifically exempts discrimination claims brought under: (I) section 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16; (ii) sections 12 and 15 of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 631, 633a; (iii) section 6(d) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 206(d) (discrimination based on sex); (iv) section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 (discrimination based on handicapping condition); and (v) those claims brought under the "provisions of any law, rule, or regulation prohibiting discrimination on the basis of marital status or political affiliation" from its coverage. *See* 5 U.S.C. § 2302(d)(1)-(5). Swartz has not alleged any facts to place his case within one of these exemptions.

the plaintiff is an applicant for federal employment, the federal district "'courts must withhold their power to fashion damages remedies when Congress has put in place a comprehensive system to administer public rights, has 'not inadvertently' omitted damages remedies for certain claimants, and has not plainly expressed an intention that the courts preserve *Bivens* remedies.'" *Brothers v. Custis*, 886 F.2d 1282, 1285 (10th Cir. 1989) (quoting *Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C. Cir. 1988) (per curiam) (en banc), and holding that an applicant for federal employment who was denied a permanent staff position allegedly in "retaliation for her whistle-blowing activities in connection with certain practices and conditions at the medical center" had no *Bivens* remedy for alleged violation of First-Amendment rights, notwithstanding the fact that her only remedy under the CSRA may have been to file a complaint with the OSC); *cf. Lombardi v. SBA*, 889 F.2d 959, 961 (10th Cir. 1989) (refusing to create a *Bivens* remedy in a federal-employment-action suit even when the CSRA provided the employee with no remedy at all and even as to violations occurring after termination of federal employment because violations occurred only as a result of the federal employment relationship that was central to his complaints).  Because all of Swartz's claims in his original complaint relate to his application for federal employment, they are pre-empted by the CSRA and his complaint must be dismissed.

    **2.**    **Motions to Amend.**

Swartz contends in his response to the motion to dismiss that "NASA should be held accountable based on Federal Tort Claims Act (FTCA) for their negligent activity to properly fill out a job advertisement," and requests leave to "amend the original complaint to specifically address the negligence of the vacancy announcement posting in accordance with 28 U.S.C. §§ 2671, *et seq*." Doc. 36 at 3.  But the Tenth Circuit has held that "[f]ederal and state court actions complaining of activities prohibited by the CSRA . . . are preempted by the CSRA," including FTCA claims that

6

fall "within the scope of" the CSRA. *Steele v. United States*, 19 F.3d 531, 532-33 (10th Cir. 1994) (internal quotation marks and bracket omitted). Because filling out federal job advertisements and selecting federal employees are personnel actions that fall within the broad scope of the CSRA, this tort claim for negligence would also be pre-empted by the CSRA. The Court should not grant leave to amend a complaint when amendment would be futile. *See Brereton,* 434 F.3d at 1219.

In his proposed amended complaint that Swartz incorporated into his response to the motion to dismiss, Swartz makes totally new (to this complaint) allegations that "NASA engaged in a pattern of obstruction, concerted harassment and intimidation against me against federal law and NASA internal requirements;" that the harassment "led to my job termination;" in May 2007 as a contractor and that he "requested whistleblower protection from the . . . OSC but was denied." Doc. 36 at 9, 11. He states that two NASA employees, Steve Nunez and Diane McLaughlin, who are not named in his original complaint, suggested twice, in August 2005 and July 2006, that he should be terminated. *Id.* at 13, 26. He discusses several negative employment actions taken against him by his employer arising from NASA's disagreement or dissatisfaction with his work performed as a contractor for NASA. He states that his manager told him that "NASA wanted me gone" and that if the manager received one more negative comment from NASA, he would be terminated. *Id.* at 20. He referred to the third letter dated January 17, 2007, from the OSC attached to his original complaint, where the OSC stated it had no jurisdiction to investigate a disclosure claim because he was not a federal employee. *See id.* at 11. But in his request for damages, Swartz states only that he is entitled to *Bivens* damage relief. *See id.* at 26.

In his second motion to amend, Swartz states that he is filing the motion to comply with the requirement to separately file motions and asks to amend his original complaint to add Nunez and McLaughlin as stated in the proposed amended complaint that was filed with his response to the

7

motion to dismiss. *See* Doc. 44 at 1.  As mentioned, *supra*, insofar as any allegation in the proposed amended complaint relates to Swartz when he was applying for federal employment, the Tenth Circuit has held that "[i]t is beyond dispute that the CSRA was intended to provide the exclusive procedure for challenging federal personnel decisions." *Petrini v. Howard*, 918 F.2d 1482, 1485 (10th Cir. 1990) (holding that state-law tort claims "within the scope of the CSRA" are also preempted, and that "allegations that defendants harassed [the plaintiff] . . ., gave her unfavorable employment evaluations, and interfered with her prospective employment relationship with the [federal agency]" clearly were within the scope of the CSRA and were preempted).

Insofar as he may be attempting to allege a cause of action that is not encompassed by the CSRA because, at the time of the alleged bad acts, Swartz was neither an applicant for federal employment nor a federal employee, the Defendants argue that a *Bivens* action should not be extended under the facts of this case because Swartz had other remedies of investigation by the OIG and a False Claims Act suit available to him.  The Court need not explore these arguments, however. The Court concludes that Swartz's allegations in his proposed amended complaint do not support a *Bivens* action because he has not alleged that the two NASA employees he seeks to add as defendants violated any constitutional rights.  Swartz briefly mentions violation of his right to due process in his discussion of NASA's alleged violation of personnel procedures regarding preselection, but he does not allege that either Nunez or McLaughlin violated his due process or other constitutional rights.  Swartz claims only that they interfered with his employment contract by recommending his termination and threatening to end his employer's federal contract if the employer did not get rid of him.  In a case with similar facts, the Tenth Circuit has held that facts alleging that a federal employee tortiously interfered with a non-federal-employee's employment contract with a government contractor, resulting in termination, does not state facts alleging a due-

8

process violation that would give rise to a *Bivens* claim.  *See Ortiz v. Nance*, 161 F.3d 18, 1998 WL 614437, *4 (10th Cir. Sept. 4, 1998) (unpublished).

Further, if Swartz is attempting to state a claim for violation of the FTCA against the Government on his claims that Nunez or McLaughlin intentionally slandered him or interfered with his employment with his federal contractor, the Court notes that the FTCA specifically provides that it does not apply to "[a]ny claim arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).  "If a claim against the government falls within an exception to the FTCA, the cause of action must be dismissed for want of federal subject matter jurisdiction."  *Estate of Trentadue, by and through Aguilar v. United States*, 397 F.3d 840, 853 (10th Cir. 2005).  Because it would be futile to allow Swartz to amend his complaint with the allegations made in his proposed amended complaint, the Court will deny his two motions to amend.

**IT IS ORDERED THAT** the Defendants' Motion to Dismiss (Doc. 28) is GRANTED;

**IT IS FURTHER ORDERED THAT** the Plaintiff's Motions to Amend (Docs. 36 & 44) are DENIED.

**IT IS FURTHER ORDERED THAT** the Plaintiff's Motion to File a Surreply (Doc. 43) is DENIED.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**